UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TOKIO MARINE, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER: 24-2754** |
| **BERNHARD SCHULTE SHIP MANAGEMENT INDIA PTE. LTD., ET AL** | **SECTION: "I" (5)** |

### ORDER AND REASONS

This Court's Order dated August 6, 2025 (rec. doc. 43) is hereby VACATED, and the following substituted in its place:

Before the Court is the Motion for Leave to File Amended Complaint to Withdraw 9(h) Designation (rec. doc. 25) filed by Plaintiffs. Defendants oppose the motion. (Rec. doc. 32). Also before the Court is the Motion to Compel (rec. doc. 27) filed by Plaintiffs. Defendants also oppose this motion (rec. doc. 31), and Plaintiffs filed a reply. (Rec. doc. 33). Having reviewed the pleadings and the case law, the Court rules as follows.

Plaintiffs filed this lawsuit to recover the settlement amount that they paid to a marine surveyor employed by Maritech Commercial, Inc., Regin Moquete, as a result of an accident that occurred on the M/V YANGTZE CROWN on or about February 5, 2022. While Moquete was inspecting the vessel, employees of Plaintiffs' insured, Central States Fumigation and Services, L.L.C. – Gulf Coast Division ("Central States"), boarded the vessel to fumigate it. (Rec. doc. 1 at 3). Allegedly, a member of the vessel's crew "dropped or threw a roll of PVC tubing . . . into one of the ship's holds," striking Moquete on the head and injuring him. (*Id.* at 4).

In state court, Moquete sued Central States and other parties not relevant here. (*Id.*). Plaintiffs, as Central States' insurer, settled all of Moquete's potential claims, and Moquete released all potentially responsible parties.

Plaintiffs now allege that under maritime law, they are entitled to seek reimbursement of the settlement that they paid from any other responsible parties, such as defendants, Yangtze Crown Pte. Ltd. ("YCP") and Bernhard Schulte Shipmanagement (L) Limited ("Schulte") (collectively, "Defendants"). Plaintiffs assert that YCP and Schulte were negligent in causing the injuries to Moquete, and, therefore, must reimburse Plaintiffs in whole or in part for the settlement paid to Moquete.

YCP and Schulte deny all liability in this matter. They allege that from the outset of the case, all evidence available to the ship and her crew indicated that the fumigation tubing that struck Moquete was handled by Central States, not the ship's crew. Moquete sued only Central States after the February 5, 2022 incident. That case proceeded in state court for some time before it settled, with no party bringing claims against YCP or Schulte. Only after the settlement, coming approximately two years and nine months after the incident, were YCP and Schulte placed on notice of a claim by Plaintiffs for reimbursement.

**I.      The Motion to Amend**

Plaintiffs now seek leave to amend their Complaint to remove the Admiralty Rule 9(h) designation as they now demand a jury – and not a bench – trial. The deadline to amend pleadings was April 25, 2025. (Rec. doc. 10). Therefore, Plaintiffs must first establish good cause under Federal Rule of Civil Procedure 16 to amend their Complaint.

"Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired." *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003).

Under Rule 16(b)(4) of the Federal Rules of Civil Procedure, a scheduling order "may be modified only for good cause and with the judge's consent." In evaluating whether the movant has demonstrated good cause, courts "consider '(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice.'" *S&W Enters.*, 315 F.3d at 536 (quoting *Reliance Ins. Co. v. La. Land & Expl. Co.*, 110 F.3d 253, 257 (5th Cir. 1997)) (alterations omitted). "Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave." *Id.*

Under Rule 15(a), while leave is not automatic, "[t]he court should freely give leave when justice so requires." *Id.* (citing *Avatar Expl., Inc. v. Chevron USA, Inc.*, 933 F.2d 314, 320 (5th Cir. 1991)). Relevant factors to consider under Rule 15(a) include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." *Id.*

On April 24, 2025, the District Judge held a status conference with the parties, during which he expressed reservations that this was to be a judge-tried case. (Rec. doc. 19). As Plaintiffs correctly point out, the trier of fact will be tasked with making numerous factual and credibility determinations regarding the underlying state-court proceedings. For example, statements of the crew employed by YCP appear to conflict with both statements of the fumigation team members and Moquete, the injured surveyor in the underlying lawsuit. Further, issues such as the reasonableness of the settlement of the underlying action will have to be discussed by factual and/or expert witnesses, which again, will require

3

credibility determinations. That this motion was sparked by the April 24, 2025 status conference and conflicting discovery is a reasonable explanation for the failure to timely move for leave to amend.

Defendants' main objection to the amendment is that because this lawsuit has proceeded as a potential bench trial, they have procured no expert witnesses in their belief that the District Judge would understand the legal issues at play. They argue that they will suffer prejudice given that trial is fast approaching, and they have no expert witnesses. This argument is no longer tenable given that the District Judge has recently continued the trial until April 2026, and the discovery deadline is not until January 2026. (Rec. doc. 42). Accordingly, Defendants will now suffer no prejudice by the granting of the amendment as the continuance has cured any such prejudice. The Court finds that Plaintiffs have demonstrated good cause under Rule 16.

Moreover, under Rule 15, this Court finds – and Defendants do not argue – that there has not been undue delay or bad faith. Plaintiffs have not had to move to amend their Complaint on any earlier occasion. As noted, there is no prejudice to Defendants now that the District Judge has continued the trial, and this Court finds no futility by merely asking for a jury, which is their right. For these reasons, the Court will grant the motion.

## II.     The Motion to Compel

Plaintiffs seek numerous documents from Defendants as outlined below.

Plaintiffs first seek the Safety Management System ("SMS") Manual in effect at the time of the incident. Defendants produced the Table of Contents from that SMS Manual in effect at the time of the incident and later produced the current version of the manual. Defendants maintain that a copy of the SMS Manual in effect at the time of the incident –

except its Table of Contents – is no longer available and cannot be located. The Court cannot order Defendants to produce documents that no longer exist and that are no longer in their possession, custody, or control.

Plaintiffs also seek all contracts and agreements between Defendants and third parties related to services or supplies at the time of the incident. First, such a request is on its face overbroad. Such contracts would include, *inter alia*, contracts with food suppliers, contracts that have nothing to do with the incident. In their reply, Plaintiffs stipulate that they do not seek such contracts, except for those with the ship's agent and medical providers. (Rec. doc. 33 at 4).

Specifically, Plaintiffs now essentially confirm that seek "any signed letters of indemnity (CRM 06), which [Defendants] may have from the plaintiffs' insured, Central States Fumigation – Gulf Coast Division, LLC, or Maritech Commercial, Inc." (Rec. doc. 27-1 at 4). Defendants now affirmatively respond that "Defendants have no contracts with Maritech or Central States Fumigation." (Rec. doc. 31 at 4). Once again, this Court cannot order Defendants to produce documents that they do not have.

Plaintiffs also seek "all vessel rules, regulations, requirements and standards to safeguard and protect crew members and/or third parties, working in cargo holding [sic] on the M/V YANGTZE CROWN." (Rec. doc. 27-1 at 4). Defendants responded that all such information would be contained in the SMS Manual, which is no longer available. Defendants admit that other rules and regulations may exist, however. Accordingly, if there are other rules and regulations that exist related to crew personnel who worked in the cargo hold, Plaintiffs are entitled to them as they are proportional to the needs of the case given that

Moquete was working in the cargo hold at the time of the underlying incident. Defendants shall supplement their responses **no later than ten (10) from the date of this Order**.

Lastly, Plaintiffs complain that Defendants have been reticent in aiding them to obtain depositions from crew members who were on board at the time of the incident. To the extent possible, Defendants have attempted to provide Plaintiffs with all of the information on any crew members that they have. If the crew members no longer work for Defendants – which it appears most do not – Defendants are not legally obligated to further aid Plaintiffs in contacting or deposing them. Should any crew member remain employed by Defendants – any crew member who was present and in sight of the incident – Defendants shall provide all necessary contact information to Plaintiffs so Plaintiffs can schedule a deposition, should circumstances so warrant. Defendants shall also produce a Rule 30(b)(6) representative for a deposition in line with Plaintiffs' notice of deposition and provide available dates for said representative's deposition. Defendants shall comply with this Order **no later than ten (10) days from its date**.

### III. Conclusion

Accordingly, and for the foregoing reasons,

**IT IS ORDERED** that the Motion for Leave to Amend Complaint (rec. doc. 25) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Motion to Compel (rec. doc. 27) is **GRANTED IN PART** and **DENIED IN PART** as outlined above.

New Orleans, Louisiana, this  7th  day of           August          , 2025.

_____
**MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE**